## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. PFENNING and<br>TAMMY PFENNING | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) CASE NO.:<br>) |
| GREE USA, INC., GREE ELECTRIC<br>APPLIANCES, INC. OF ZHUHAI,<br>HONG KONG GREE ELECTRIC<br>APPLIANCE SALES, LTD.,<br>MJC AMERICA, LTD. d/b/a<br>SOLEUS INTERNATIONAL INC., and MJC<br>AMERICA HOLDINGS CO., INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

COME NOW the Plaintiffs, James L. Pfenning and Tammy Pfenning, by counsel, the law firm of Burt, Blee, Dixon, Sutton & Bloom, LLP, and for their Complaint against the Defendants, Gree USA, Inc., Gree Electric Appliances, Inc. of Zhuhai, Hong Kong Gree Electric Appliances Sales, Ltd., MJC America, Ltd. d/b/a Soleus International Inc. and MJC America Holdings Co., Inc., hereby allege and state as follows:

## The Parties

1.     Plaintiffs, James L. and Tammy Pfenning ("the Pfennings"), are a married couple, each over the age of 18 years, residing at 6160 N 100 W, Howe, IN 46746.  The Pfennings also own property located at 5920 North 175 West, Howe, Indiana 46746 (the "Property").

2.     Upon information and belief, Gree Electric Appliances, Inc. of Zhuhai ("Gree Zhuhai") is a corporation incorporated under the laws of the People's Republic of China with its principal place of business in, Zhuhai, China.

3.     Gree Zhuhai, is upon information and belief, engaged in the business of designing, manufacturing, marketing, distributing, branding, advertising, and/or selling certain appliances, including, but not limited to, dehumidifiers, including the dehumidifier at issue in this lawsuit.

4.     Upon information and belief, Hong Kong Gree Electric Appliances Sales, Ltd. ("Gree Hong Kong") is a wholly owned subsidiary of Gree Electric Appliances, Inc. of Zhuhai and is incorporated under the laws of Hong Kong.  Its principal place of business is located Unit 2612 Mirami Tower, 132 Nathan Road, Tsin Sha Tsui Kowloon, Hong Kong, S.AR. Gree Hong Kong is a citizen of the People's Republic of China. Gree Hong Kong

is at all times material hereto was in the business of selling and/or distributing electronic appliance products.

5.     Upon information and belief, Gree Hong Kong is engaged in the business of designing, manufacturing, marketing, distributing, branding, advertising, and/or selling certain appliances, including, but not limited to, dehumidifiers, including the dehumidifier at issue in this lawsuit.

6.     Federal district courts have held as a matter of law that Gree Zhuhai and Gree Hong Kong may be served with process through its agents in the United States, including in cases in the Northern District of Indiana.

7.     Gree USA, Inc. ("Gree USA") is a California corporation with its Chief Executive Officer being Jun Ouyang, whose address is 4195 Chino Hills Parkway #1026, Chino Hills, California 91709.  It is a subsidiary of Hong Kong Gree Electric Appliances Sales, Ltd, which, in turn, is a wholly owned subsidiary of Gree Electric Appliances, Inc. of Zhuhai.

8.     Gree USA is engaged in the business of designing, manufacturing, marketing, distributing, branding, advertising, and/or selling certain appliances, including, but not limited to, dehumidifiers, including the dehumidifier at issue in this lawsuit.

9.     MJC America, Ltd. d/b/a Soleus International, Inc. is a California corporation with its principal place of business in California. It is a

manufacturer, importer, and distributor of home comfort products, including dehumidifiers. Its address is 280 S. Lemon Ave. #1507 Walnut, California 91788.

10. MJC America Holdings Co., Inc. is a privately held California Corporation with its principal place of business in California. Hereinafter, both defendants MJC America, Ltd. d/b/a Soleus International, Inc. and MJC America Holdings Co., Inc. are referred to as "MJC."

11. Upon information and belief, MJC was a minority owner and/or was the parent company of Gree USA and the two entities were alter egos of one another such that they had no distinct entities and operated as one and the same entity.

12. Gree USA and Gree Hong Kong are the alter egos of Gree Zhuhai, and all three entities operate as one and the same, with Gree Zhuhai exerting substantial control over the day-to-day operations of all three entities and with Gree Hong Kong and Gree USA dependent upon Gree Zhuhai for money, both entities incapable of operating financially without the backing of Gree Zhuhai.

13. Gree USA has an agency relationship for purposes of service of process and jurisdiction with both Gree Hong Kong an Gree Zhuhai.

## Jurisdiction and Venue

14. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000.

15. Venue lies in this District Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district. Specifically, a fire occurred at a property located at 5920 North 175 West, Howe, Indiana 46746, resulting from a defective dehumidifier that is the subject of this lawsuit.

16. At all times relevant, Gree Zhuhai, Gree Hong Kong, and Gree USA, Inc. (collectively referred to herein as "Gree") were engaged in the business of designing, manufacturing, supplying, distributing, marketing, advertising, and selling consumer appliances, including dehumidifiers or parts thereof, throughout the United States, including in the State of Indiana and including the specific product at issue in this case.

17. Each of the Defendants is subject to the jurisdiction of this Court as each Defendant does substantial business within the state of Indiana, including the marketing, selling, and distribution of the product at issue, has purposefully availed itself of the forum, and the matter made the basis of this lawsuit arises out of and relates to the company's contacts with the State of

Indiana, which contacts are significant. Each Defendant derives substantial revenue from the sale of consumer products, including the product at issue, to Indiana consumers.

18. Defendants Gree USA, Inc., Gree Hong Kong, MJC, and Gree Zhuhai each participated in placing defective dehumidifiers, including the subject dehumidifier described below, in the stream of commerce, with the expectation that they would and will be purchased and utilized by consumers in Indiana.

19. Defendants Gree USA, Inc., Gree Hong Kong, MJC, and Gree Zhuhai either directly or indirectly derived substantial revenue from the State of Indiana through the sale of dehumidifiers to consumers at all times relevant hereto.

20. Gree USA, Inc., Gree Hong Kong, MJC, and Gree Zhuhai are each the actual and/or the apparent manufacturer of the defective product made the basis of this litigation. Each is liable as a "manufacturer" under Indiana Code § 34-20-2.

## General Allegations

21. The Pfennings' Property is a single story ranch style home with a fully finished basement that was built nearly twenty years ago.

22. The Property was purchased by the Pfennings in 2015.

23. On August 3, 2019, Mr. Pfenning awoke at approximately 6:30 a.m.

24. Shortly thereafter, Mr. Pfenning heard a noise coming from the basement mechanical room.

25. When he opened the door to the mechanical room, Mr. Pfenning discovered heavy smoke from a fire.

26. Mr. Pfenning woke Mrs. Pfenning and evacuated the home due to the fire.

27. Terry King, forensic fire investigator with EFI Global, completed his investigation of the cause and origin of the fire on August 6, 2019 (the "Fire Loss").

28. Mr. King determined that the Fire Loss was caused by a dehumidifier manufactured by the Defendants.

29. Mr. King was able to identify the Defendants as the manufacturer of the dehumidifier due to the embossed "E" on the dehumidifier (the "Dehumidifier").

30. As a result of the Fire Loss, the Pfennings suffered damages to the home itself (the "Structure") and personal property located in the Property ("Personal Property").

31. With respect to the Structure, it was determined to be a total loss.

32. The Pfennings have obtained an estimate to rebuild the Structure in the amount of Four Hundred Eighty-Six Thousand Eight Hundred and Seventy-Three Dollars and 00/100 ($486,873.00).

33. With respect to the Pfennings' Personal Property, the Fire Loss caused significant smoke and soot damage.

34. The Pfennings incurred losses to their Personal Property in the total amount of Three Hundred and Eight Thousand Six Hundred and Seventy-Two Dollars and 1/100 ($308,672.01).

35. As a result of being displaced from the Property due the Fire Loss, the Pfennings have incurred additional living expenses in the amount of Twenty-Two Thousand Nine Hundred Nineteen Dollars and 06/100 ($22,919.06).

36. The Pfennings' damages are a result of the Fire Loss caused by a dehumidifier that was designed, manufactured, and placed into the stream of commerce by the Defendants.

## **Count I – Strict Liability under Indiana Product Liability Act**

37. The Pfennings hereby incorporate by reference rhetorical paragraphs 1-36 of their Complaint for Damages as fully set forth herein.

38. The Defendants designed, manufactured, and placed into the stream of commerce the Dehumidifier which resulted in the Fire Loss.

39. The actions and/or inactions of the Defendants, or their employees, agents or subcontractors, resulted in the significant damages incurred by the Pfennings as detailed herein.

40. The Dehumidifier was unreasonably dangerous at the time it left the possession and control of the Defendants because:

    a. It was designed and manufactured in such a way as to cause a malfunction and ignite a fire;

    b. It failed to remove humidity in a safe manner as would be expected by the ordinary consumer;

    c. It lacked adequate safety features or safeguards to prevent the Dehumidifier from igniting a fire at the Pfenning residence;

    d. The Defendants failed to properly inspect and test the Dehumidifier to protect against a fire hazard;

    e. The Dehumidifier was constructed with plastic insufficient to withstand temperatures that could be achieved and expected with foreseeable use if the product;

    f. The Defendants failed to properly inspect and test the Dehumidifier to ensure that it was safe and not unreasonably dangerous when used to reduce humidity in a residential setting;

g. The Dehumidifier was designed, manufactured, marketed, distributed, and sold for the purpose of reducing humidity in a residential setting, though it had been manufactured and designed with materials which were inadequate for such a purpose and which presented a fire hazard;

h. The Dehumidifier was labeled, marketed, distributed, supplied, and sold for the purpose of reducing humidity in a residential setting even though it was unsafe and unreasonably dangerous when used for this intended application;

i. The Dehumidifier was designed and manufactured without adequate warning to the intended users that it posed a fire risk when used for the intended purpose of reducing humidity in a residential setting;

j. The Dehumidifier was designed and manufactured in such a way as to cause overheating at the control panel within the product that posed a risk of fire when used for the intended purpose of reducing humidity in a residential setting;

k. The Dehumidifier was otherwise defective and unreasonably dangerous in its design, manufacture, assembly, and with respect to its warning; and/or

   l. The Dehumidifier's control device that was intended to turn off power to the machine when it achieved an unsafe temperature failed to adequately perform its function, such that the dehumidifier overheated and started on fire.

 41. The Dehumidifier reached the Pfennings without substantial alteration in the condition in which the product is sold by the Defendants.

 42. The Defendants had actual knowledge that the Dehumidifier was defective in its design and/or manufacture, and that a loss, such as a fire in this action, had a substantial likelihood of occurring.

 43. The Pfennings are individuals that the Defendants should have reasonably foreseen as being subject to harm caused by the defective condition and state of the Dehumidifier.

 44. At all times relevant hereto, the Pfennings used the Dehumidifer in accordance with the manufacturer's instructions and in a manner reasonably foreseeable to the Defendants.

 45. As a direct and proximate cause result of one or more of the foregoing defective and unreasonably dangerous conditions or other such conditions, the Dehumidifier suddenly and calamitously ignited and burned the Property, causing significant smoke and fire-related property damage to the Property and to other property located therein.

46. The Defendants designed and manufactured the product at issue and are manufacturers under Indiana law.

47. The Defendants sold the Dehumidifier and placed it into the stream of commerce in a defective and unreasonably dangerous condition. More specifically, it malfunctioned and caused a fire.

48. The Defendants are strictly liable for any and all harm and damages caused by the Dehumidifier.

49. The Pfennings are entitled to recover this amount from the Defendants under the Indiana Product Liability Act.

WHEREFORE, Plaintiffs, James L. and Tammy Pfenning, hereby respectfully request that this Honorable Court enter a judgment in their favor and against the Defendants, Gree USA, Inc., Gree Electric Appliances, Inc. of Zhuhai, Hong Kong Gree Electric Appliances Sales, Ltd., MJC America, Ltd. d/b/a Soleus International Inc. and MJC America Holdings Co., Inc., for any and all direct, incidental or consequential damages associated with the actions or inactions of the Defendants, their agents, employees or subcontractors, as set forth throughout this Complaint, for any and all attorney's fees incurred in this matter, and for any and all other relief this Court deems just and proper in the premises.

## **Count II – Negligence**

50.   The Pfennings hereby incorporate by reference rhetorical paragraphs 1-49 of their Complaint for Damages as fully set forth herein.

51.   The Defendants owed a duty to users of the dehumidifier, specifically the Pfennings, to exercise reasonable case in their design and manufacture of the Dehumidifier.

52.   The Defendants breached this duty.

53.   The Pfennings suffered damages as a result of the Defendants' breach which caused the Fire Loss.

54.   As of the date of filing, the Pfennings' damages total Eight Hundred Eighteen Thousand Four Hundred Sixty-Four Dollars and 07/100 ($818,464.07).

WHEREFORE, Plaintiffs, James L. and Tammy Pfenning, hereby respectfully request that this Honorable Court enter a judgment in their favor and against the Defendants, Gree USA, Inc., Gree Electric Appliances, Inc. of Zhuhai, Hong Kong Gree Electric Appliances Sales, Ltd., MJC America, Ltd. d/b/a Soleus International Inc. and MJC America Holdings Co., Inc., for any and all direct, incidental or consequential damages associated with the actions or inactions of the Defendants, their agents, employees or subcontractors, as set forth throughout this Complaint, for any and all

attorney's fees incurred in this matter, and for any and all other relief this Court deems just and proper in the premises.

    Respectfully submitted,


    /s/Katherine R. Gould
    Jeremy J. Grogg, #24206-02
    Katherine R. Gould, #27125-49
    BURT, BLEE, DIXON, SUTTON & BLOOM, LLP
    200 East Main Street, Suite 1000
    Fort Wayne, IN  46802
    (260) 426-1300
    Attorneys for Plaintiffs
    jgrogg@burtblee.com
    kgould@burtblee.com